IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SANDRA H., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-667-BK |
| | § | |
| NANCY A. BERRYHILL, Acting | § | |
| Commissioner of Social Security | § | |
| Administration, | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

The parties have consented to proceed before the magistrate judge. Doc. 17. Now before the Court is Plaintiff's *Motion for Summary Judgment*, Doc. 22, and Defendant's *Motion for Summary Judgment*, as construed from her response to Plaintiff's motion, Doc. 23.[1] For the reasons discussed below, Plaintiff's *Motion for Summary Judgment* is **DENIED**, Defendant's construed *Motion for Summary Judgment* is **GRANTED**, and the Commissioner's decision is **AFFIRMED**.

**I. BACKGROUND**

**A. Procedural History**

Plaintiff seeks judicial review of a final decision by the Commissioner of the Social Security Administration ("Commissioner") affirming the Administrative Law Judge's ("ALJ") decision and denying Plaintiff's application for disability insurance under the Social Security Act

---

[1] The Court notes that Defendant failed to comply with the Court's *Scheduling Order*, which directed Defendant to file a cross-motion for summary judgment (as also required by the Local Civil Rules), not a response brief. Doc. 14 at 1. Defendant also did not comply with the Court's directive to cite to the document number and page number located at the top of each page of the administrative record. Doc. 14 at 2. For purposes of judicial economy, the Court renders a decision today. However, future non-compliant pleadings may be stricken from the record.

("Act"), 42 U.S.C. § 401, *et seq*. Doc. 1 at 2. Plaintiff filed for disability benefits in July 2018, claiming that she became disabled in February 2013. Doc. 13-6 at 2-9. Plaintiff's application was denied at all administrative levels, and she now appeals to this Court pursuant to 42 U.S.C. § 405(g). Doc. 13-3 at 2-4, 10-27; Doc. 13-5 at 3-6, 10-13.

**B. Factual Background**

Plaintiff was 50 years old at the time of the ALJ's decision. Doc. 13-3 at 26. She has a general education diploma and past relevant work experience as a receptionist, mail clerk, data entry clerk, and general office clerk. Doc. 13-3 at 38, 41, 67.

In terms of her relevant medical history, dating back to at least 2011, Plaintiff reported persistent numbness and pain in her hands despite wearing wrist splints for the prior ten years. Doc. 13-9 at 54. Plaintiff had undergone successful left carpal tunnel release surgery ten years previously, but the symptoms returned. Doc. 13-9 at 57. In January 2013, Plaintiff complained to Dr. Charles E. Willis, II, M.D. of pain and numbness in her hands and wrist. Doc. 13-8 at 15. After a physical examination, Dr. Willis reported that Plaintiff was positive for Tinel's and Phalen's signs, but her hand grip was normal. Doc. 13-8 at 15. Dr. Willis assessed Plaintiff with bilateral carpal tunnel syndrome and bilateral trigger finger. Doc. 13-8 at 15-16. Dr. Olayinka Ogunro, M.D. affirmed Plaintiff's diagnoses and further diagnosed her with cubital tunnel syndrome. Doc. 13-8 at 44. Dr. Ogunro injected various sites on Plaintiff's left hand with a corticosteroid, after which she reported only one week of relief. Doc. 13-8 at 45.

In July 2013, a physical therapist conducted an initial physical performance assessment and determined that Plaintiff could lift 11.5 pounds occasionally and 5.75 pounds frequently and could carry 16.5 pounds occasionally and 8.25 pounds frequently. Doc. 13-8 at 18. In terms of pushing and pulling, the therapist found that Plaintiff could perform both activities at 20 pounds

occasionally and ten pounds frequently. Doc. 13-8 at 18. The therapist noted that Plaintiff demonstrated the ability to perform "light" work in terms of lifting, pushing, pulling, and carrying tasks, as that term is defined by the U.S. Department of Labor. Doc. 13-8 at 18.

In October 2013 and March 2014, state agency medical consultants, Drs. Brian Harper and John Durfor, M.D. opined that Plaintiff could (1) occasionally lift and/or carry 20 pounds; (2) frequently lift and/or carry ten pounds; (3) stand/walk/sit (with normal breaks) for about six hours in an eight-hour workday; and (4) was unlimited in her ability to push/pull. Doc. 13-4 at 7-8; Doc. 13-4 at 18-21. Both doctors concluded that Plaintiff had no manipulative limitations. Doc. 13-4 at 8, 18.

In May 2014, Plaintiff's hands were weak, and she was given prescription medication for pain and inflammation. Doc. 13-9 at 4-5. Plaintiff visited the emergency room in February 2015 due to chronic pain from carpal tunnel syndrome, during which it was noted that she was wearing a brace on her right wrist and was positive for Phalen's and Tinel's signs. Doc. 13-10 at 78. She was advised to rest, ice, and elevate her wrist and avoid "strenuous lifting, pushing, and pulling." Doc. 13-10 at 79.

That same month, Dr. Jaya Trivedi, M.D. performed a nerve conduction study on Plaintiff's upper extremities and concluded that the study was abnormal. Doc. 13-10 at 21. Dr. Trivedi assessed severe right carpal tunnel syndrome, left moderate median carpal tunnel syndrome, and mild chronic left C5 radiculopathy. Doc. 13-10 at 21. In April 2015, it was noted that Plaintiff had attended occupational therapy for her carpal tunnel syndrome, worn wrist splints, and performed prescribed exercises to no avail. Doc. 13-11 at 22. In May 2015, Plaintiff underwent right carpal tunnel and right middle finger trigger release surgery. Doc. 13-11 at 26-28.

## C. The ALJ's Findings

In August 2015, the ALJ found that Plaintiff has the severe impairments of obesity, bilateral trigger fingers, cubital tunnel syndrome, bilateral carpal tunnel syndrome, back pain and post-laminectomy syndrome with a history of lumbar fusion, radiculitis and neuritis, cervical degenerative disc displacement without myelopathy, and type 2 diabetes. Doc. 13-3 at 16. The ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform "light" work as provided in 20 C.F.R. § 404.1567(b). Doc. 13-3 at 19. As relevant here, the ALJ determined that the Plaintiff can (1) lift or carry 20 pounds occasionally and ten pounds frequently; (2) sit/stand/walk for six hours in an eight-hour workday; and (3) frequently reach, handle, finger, or feel with the bilateral upper extremities, but cannot forcefully grip or twist with the hands. Doc. 13-3 at 19.

The ALJ gave "some weight" to the opinions of medical consultants Drs. Harper and Durfor, but determined that Plaintiff had at least some manipulative limitations due to her carpal tunnel syndrome and trigger fingers. Doc. 13-3 at 21. The ALJ gave "little weight" to the physical therapist's findings because the examination took place before Plaintiff had completed therapy. Doc. 13-3 at 21. The ALJ gave "some weight" to the restrictions placed on Plaintiff by emergency room medical providers who recommended that Plaintiff avoid strenuous lifting, pushing, and pulling due to her wrist pain. Doc. 13-3 at 21. Based on vocational expert ("VE") testimony, the ALJ concluded that Plaintiff was capable of performing her past relevant work as a mail clerk (light work), general office clerk (light work), and data entry clerk (sedentary work). Doc. 13-3 at 25; Doc. 13-3 at 67. The ALJ made the alternative finding, also based on VE testimony, that Plaintiff could perform other jobs in the national economy such as bakery worker,

4

hostess, and quality control inspector, all of which are light work.  Doc. 13-3 at 27; Doc. 13-3 at 69-70.

## II. APPLICABLE LAW

An individual is considered disabled under the Act if, *inter alia*, she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or can be expected to last for at least 12 months.  42 U.S.C. § 423(d)(1)(A).  A five-step process is used to determine whether a claimant is disabled: (1) an individual who is working and engaging in substantial gainful activity is not disabled; (2) an individual who does not have a "severe impairment" is not disabled; (3) an individual who "meets or equals a listed impairment in Appendix 1" of the regulations will be considered without consideration of vocational factors; (4) if an individual is capable of performing her past work, a finding of "not disabled" must be made; and (5) if an individual's impairment precludes her from performing her past work, other factors including age, education, past work experience, and RFC must considered to determine if any other work can be performed.  *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (per curiam) (summarizing 20 C.F.R. §§ 404.1520(b)-(f), 416.920 (b)-(f)).

The claimant bears the burden of proof during the initial four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).  The analysis terminates if the Commissioner determines at any point during the first four steps that the claimant is disabled or is not disabled.  *Id*.  If the claimant satisfies her burden after the first four steps, then the burden shifts to the Commissioner in the fifth step to show that there is other gainful employment available in the national economy that the claimant can perform.  *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

In reviewing the Commissioner's denial of benefits, a court is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied the proper legal standards in evaluating the evidence. 42 U.S.C. §§ 405(g), 1383(C)(3); *Greenspan*, 38 F.3d at 236. Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett,* 67 F.3d at 564. Using this standard, a court does not reweigh the evidence, retry the issues, or substitute its own judgment, but instead, scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

In considering Plaintiff's summary judgment arguments, the Court has relied upon her citations to supportive evidence of record. The Court is under no obligation to probe the record to find supporting evidence for one side or the other. *See* FED. R. CIV. P. 56 (the movant and opponent of a motion for summary judgment must support their positions by "citing to particular pats of materials in the record"); *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (the court has no obligation under Rule 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment") (quotation omitted).

### III. ARGUMENT AND ANALYSIS

Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence because she violated the holding in *Ripley v. Chater*, 67 F.3d 552 (5th Cir. 1995) by basing her RFC finding on her own interpretation of the raw medical data. Doc. 22 at 8-9, 11-12. Specifically, Plaintiff argues that no doctor opined that Plaintiff could use her hands and arms to lift and carry 20 pounds occasionally, ten pounds frequently, and frequently reach, handle, and finger. Doc. 22 at 11. Plaintiff concludes that the ALJ's error was harmful because the VE testified that a person who could lift/carry no more than ten pounds and only occasionally

handle, finger, and feel with the dominant hand, but could do so frequently with the non-dominant hand, could not perform Plaintiff's past relevant work or transfer any of her skills to any other work in the national economy. Doc. 22 at 12-14.

Defendant responds that the ALJ's finding was supported by substantial evidence as she carefully examined the record and had the sole responsibility for determining Plaintiff's RFC. Doc. 23 at 7-8, 1016. Additionally, Defendant maintains that the ALJ correctly determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not wholly credible and that her alleged limitations were out of proportion to and not supported by the objective medical evidence. Doc. 23 at 11, 16. Defendant asserts that the ALJ's hypothetical question to the VE reasonably incorporated Plaintiff's recognized limitations, and the VE's testimony constitutes substantial evidence that Plaintiff can work. Doc. 23 at 17-19.

The RFC is an assessment, based upon all relevant evidence, of a claimant's ability to work, despite her impairments. 20 C.F.R. § 404.1545(a). Stated differently, it is the most a claimant can do, notwithstanding her physical and mental limitations. *Id.* The RFC determination falls solely to the ALJ, who alone is responsible for resolving any conflicts in the evidence. *See Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (per curiam). A finding of no substantial evidence is appropriate only if there is a conspicuous absence of credible evidentiary choices or no contrary medical findings. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988) (per curiam).

In *Ripley*, the ALJ ruled that the claimant could perform sedentary work even though there was no medical evidence or testimony supporting that conclusion. 67 F.3d at 557. The appellate court noted that the claimant's record contained a vast amount of evidence establishing

7

that the claimant had a back problem, but did not clearly establish what effect that condition had on his ability to work. *Id*. Thus, the court remanded the case with instructions for the ALJ to obtain a report from a treating physician regarding the effects of the claimant's back condition on his ability to work. *Id.* at 557-58. The court rejected the Commissioner's attempt to argue that the medical evidence substantially supported the ALJ's conclusion because the court was unable to determine the effects of the claimant's conditions, "no matter how 'small'," on his ability to work, absent a report from a qualified medical expert. *Id*. at 557 n.27.

Here, the ALJ found that Plaintiff is capable of performing a limited range of light work, but can only lift or carry 20 pounds occasionally and ten pounds frequently and can frequently reach, handle, finger, or feel with the bilateral upper extremities, but cannot forcefully grip or twist with the hands. Doc. 13-3 at 19. The ALJ gave "some weight" to the opinions of medical consultants Drs. Harper and Durfor, and nevertheless determined that Plaintiff had at least some limitations in her ability to use her hands. Doc. 13-3 at 21. The ALJ gave "little weight" to the physical therapist's findings regarding Plaintiff's ability to use her hands. Doc. 13-3 at 21. The ALJ gave "some weight" to the restrictions placed on Plaintiff by emergency room medical providers who recommended that Plaintiff avoid strenuous lifting, pushing, and pulling due to her wrist pain. Doc. 13-3 at 21. In particular, the ALJ noted that the recommendation was consistent with the objective medical findings and Plaintiff's need for surgery and, as such, supported a finding that Plaintiff was precluded from performing medium or heavy exertional activities. Doc. 13-3 at 21. Following that trip to the emergency room, Plaintiff underwent an operation on her right hand to alleviate her carpal tunnel syndrome and trigger finger.

The Court finds that the ALJ's RFC determination is supported by substantial evidence in this case. The ALJ gave weight to the recommendation that Plaintiff avoid strenuous upper body

8

activities and accommodated that recommendation by limiting her to less than the full range of light work. *Cf. Raper v. Colvin*, 262 F. Supp. 3d 415, 422-23 (N.D. Tex. 2017) (collecting cases holding that an ALJ is not permitted to reject *all* relevant medical opinions and then independently assess a claimant's RFC without medical evidence addressing the effects of the claimant's impairments on the claimant's ability to work); *Fitzpatrick v. Colvin*, No. 15-CV-3202-D, 2016 WL 1258477, at *8 (N.D. Tex. Mar. 31, 2016) (Fitzwater, J.) (finding that mental RFC determination was not supported by substantial evidence where the ALJ rejected the *only* medical opinions supporting the determination and the other evidence did not support a determination that the plaintiff could perform such work despite his impairments).

Unlike in *Raper* and *Fitzpatrick*, the ALJ did not reject all medical opinions, but instead gave weight to the emergency room providers' recommendation that Plaintiff should avoid strenuous upper body activities, and thereby concluded that Plaintiff was precluded from medium or heavy work. Doc. 13-3 at 21. Thus, in accepting these restrictions, substantial evidence supports the ALJ's decision that Plaintiff was still capable of performing her past relevant work as a receptionist, mail clerk, and office clerk (as well as other jobs described by the VE). Doc. 13-3 at 25. As correctly noted by Defendant, the RFC determination falls solely to the ALJ. *Chambliss*, 269 F.3d at 522.

Even if the ALJ did err under *Ripley*, reversal and remand is only warranted if Plaintiff can show that she was prejudiced by the ALJ's error. *Ripley*, 67 F.3d at 557 (citation omitted). Stated differently, remand is required only where there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error. *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010) (per curiam). That burden is not satisfied here. Even if the ALJ had requested a medical source statement evaluating the effects of Plaintiff's limitations on her

ability to work with her hands, there is no realistic possibility that she would have imposed additional restrictions on Plaintiff's RFC, particularly in light of Plaintiff's recent carpal tunnel and trigger finger release surgery. In short, because the ALJ properly considered the evidence and assessed an RFC that is supported by substantial evidence of record, she did not err in finding that Plaintiff is not disabled. *Greenspan*, 38 F.3d at 236.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's *Motion for Summary Judgment*, Doc. 21, is **DENIED**, Defendant's construed *Motion for Summary Judgment*, Doc. 22, is **GRANTED**, and the Commissioner's decision is **AFFIRMED**.

**SO ORDERED** on September 24, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE